**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**THOMAS EUGENE CUPPLES, JR.**                                    **PETITIONER**
**ADC #500380**

**VS.**                          **CASE NO.: 5:11CV00268 BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                            **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Petitioner Thomas Eugene Cupples, Jr., an inmate in the Arkansas Department of

Correction ("ADC"), brings this 28 U.S.C. § 2254 petition for writ of habeas corpus

(docket entry #2, #6), challenging the credit applied to his sentence.  Respondent Ray

Hobbs has responded to the petition.  (#11)  For the following reasons, Mr. Cupples's

petition is DENIED and DISMISSED.

**I.     Background**

On May 12, 2009, the Circuit Court of Crittenden County, Arkansas, sentenced

Mr. Cupples to a 20-year term of imprisonment for his most recent parole revocation.

(#11-1, p. 18-21)  Prior to May 12, 2009, Mr. Cupples had served multiple sentences in

the ADC for drug related convictions and parole revocations.  (#11-1, p. 9-17, 22-30)

Mr. Cupples filed the pending petition for writ of habeas corpus on October 13,

2011.  (#2)  The petition did not state a basis for federal habeas relief, so the Court

ordered Mr. Cupples to amend his petition.  (#3)  Mr. Cupples filed an amended petition

requesting that the Court credit his 20-year sentence with the time he spent in custody and

on parole, and with time he earned for good conduct.[1]  (#6)  Respondent alleges that the

petition is time-barred and that the claims are procedurally defaulted.  (#11)  Because the

petition is time-barred, the Court will not address procedural default or the potential

merits of the claims.

## II.   <u>Discussion</u>

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year

limitations period during which a state prisoner may commence a federal habeas corpus

proceeding under 28 U.S.C. § 2254.  The limitation period generally begins to run from

the date the judgment became final by the conclusion of direct review or the expiration of

the time limit for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

In this case, Mr. Cupples entered a guilty plea to the charges leading to his 20-year

sentence.  (#11, p. 18-21)  Under Arkansas law, Mr. Cupples could not appeal his

unconditional guilty plea.  See ARK.R.APP.P.- CRIM. 1(a)("Except as provided by

A.R.Cr.P. 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere.").  As

a result, Mr. Cupples's current 20-year sentence became final on May 12, 2009, the day

---

[1] Mr. Cupples seeks relief under the Arkansas Administrative Procedure Act and the Arkansas Uniform Declaratory Judgment Act.  (#6)  These Arkansas laws do not provide a basis for federal habeas relief.  See 28 U.S.C. § 2254(a)(a person in state custody may pursue habeas relief only on the ground that he is in custody in violation of the Constitution or laws of the United States).  Instead of relying on Mr. Cupples's legal characterization of the proceedings, the Court reviewed the alleged facts presented in the petition to determine whether they provide a basis for habeas relief.  See *Jones v. Jerrison*, 20 F.3d 849, 853 (8th Cir. 1994)(district court must analyze the alleged facts in a pro se habeas petition to determine if they state a federal claim).

the circuit court entered the judgment and commitment order.  See *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S.Ct. 681 (2009)(for purposes of §2241(d)(1)(A), direct review concludes when the availability of direct appeal is exhausted).  On that date, the one-year limitations period began to run.

Mr. Cupples argues that the sentence-credit issue did not arise until he pursued it with ADC officials in February of 2011.  (#14, #17)  In some circumstances, the one-year limitations period does not begin to run until the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).  The factual predicate of a claim is determined by the essential facts underlying the claim.  *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009)(quoting *McAleese v. Brennan*, 483 F.3d 206, 214 (3rd Cir.2007)).

In this case, the May 12, 2009 judgment and commitment order specifically states that Mr. Cupples would receive zero days of jail-time credit.  (#11-1, p. 21)  His ADC status assignment sheet also shows that he was to be given no jail-time credit toward the 20-year sentence he received on May 12, 2009.  (#11-1, p. 6)  Through the exercise of due diligence – which here would mean simply reading the judgment and commitment order – Mr. Cupples could have discovered on May 12, 2009, that the time he spent in jail would not be applied toward his 20-year sentence.

Mr. Cupples filed this federal habeas petition on October 13, 2011– obviously more than a year after May 12, 2009, the day his conviction became final and when he

could have discovered the factual predicate to his habeas corpus claims.  (#2)

Accordingly, his claims are barred by the one-year statute of limitations, unless the

limitations period was tolled.

      A.    *Statutory Tolling*

      The time during which a properly filed application for State post-conviction or

other collateral review is pending does not count toward the limitations period.  28 U.S.C.

§ 2244(d)(2).  Mr. Cupples did not file a post-conviction petition, a State habeas petition,

a request for declaratory judgment, or a writ of mandamus so as to trigger the statutory

tolling provision.  28 U.S.C. § 2244(d)(2); *Walker v. Norris*, 436 F.3d 1026, 1030 (8th

Cir. 2006).  Instead, he filed a motion for credit with the trial court on October 26, 2009,

which the court denied on November 2, 2009.  (#15, p. 2)

      This motion for credit was apparently untimely, because he filed it well outside the

thirty-day period allowed for filing post-trial motions.  ARK.R.CRIM.P. 33.3(b).  Mr.

Cupples could not appeal his guilty plea, but he could have appealed the denial of his

motion for credit.  See *Seibs v. State*, 357 Ark. 331, 334 166 S.W.3d 16, 17 (2004)(appeal

of a post-trial motion challenging the validity and legality of the sentence itself is one

exception to the prohibition of an appeal from a guilty plea).  Mr. Cupples would have

had thirty days from the denial of his post-trial motion to file a notice of appeal.  See

ARK.R.APP.P.-CRIM. 2(a)(2).  There is no evidence in the record, however, that Mr.

Cupples appealed the denial of his motion for credit.

Assuming the motion for credit tolled the statute of limitations, almost two years elapsed between the expiration of time to seek review of the denial of the motion for credit and the filing of the instant petition.  This time counted toward the one-year limitations period.  See *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (the time between the date that direct review of a conviction is completed and the date that an application for post-conviction relief is filed counts against the one-year period).

Mr. Cupples alleges he sought administrative review of this sentence-credit issue with the ADC in February 2011.  (#6, p. 6)  On February 28, 2011, the ADC informed Mr. Cupples that his time had been correctly calculated.  (#6, p. 18)  Mr. Cupples filed a motion for an amended *nunc pro tunc* judgment on March 7, 2011.  (#7, p. 2-5)  He also attempted to file a petition for review of an administrative decision on May 12, 2011, but the circuit court denied his application to proceed *in forma pauperis*.  (#7, p. 16-47)  Because Mr. Cupples took these actions after the expiration of the limitations period, they do not provide a basis for statutory tolling.  See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003) (statute of limitations period is not tolled during the pendency of a proceeding commenced after the limitations period has expired).

Even assuming these actions tolled the statute of limitations, Mr. Cupples's petition would still be time-barred.  Giving him every conceivable benefit, whether proper

or not, Mr. Cupples failed to act from at least December 3, 2009, until some time in February 2011.[2]  This time span exceeds the one-year limitations period.

Based on this time calculation, Mr. Cupples's federal petition was not timely, if he is relying on statutory tolling.  So, his claims are barred unless saved by equitable tolling.

B.    *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling.  *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008).  A petitioner who invokes equitable tolling, however, bears the burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way.  *Id.* (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).  Equitable tolling affords an "exceedingly narrow window of relief."  *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)).

Based on the record here, the Court cannot conclude that Mr. Cupples diligently pursued his rights.  He argues in his replies that he attempted to exhaust his State remedies.  (#14 and #16)  There is simply no explanation, however, for his delay in pursuing relief.  Accordingly, equitable tolling cannot save Mr. Cupples's federal petition.  Giving him the benefit of every doubt, the time that elapsed from the date his

---

[2] December 3, 2009 represents the expiration of the thirty day period to appeal the denial of a post-trial motion, Mr. Cupples's motion for credit.  (#15, p. 2)  Although the exact date is not clear, Mr. Cupples first sought administrative review of his sentence credit in February 2011.  (#6, p. 6)

conviction became final until the date he first attempted to present this issue to the State renders this federal petition time-barred.

## III.   Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Cupples has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Mr. Cupples has not provided a basis for issuing a certificate of appealability.  Accordingly, a certificate of appealability is denied.

## IV.   Conclusion

Mr. Cupples's petition is time-barred.  For that reason, Thomas Eugene Cupples, Jr.'s petition for a federal writ of habeas corpus is DENIED, and this case is DISMISSED, with prejudice.

DATED this 27th day of March, 2012.

_____
UNITED STATES MAGISTRATE JUDGE